Kathleen H. Gallagher, Esq.
Nevada Bar No. 15043
GALLAGHER LAW, Prof. Corp.
1850 East Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
Telephone: (702) 744-8086
kathleen@gallagherlawlv.com

Corrine P. Murphy, Esq.
Nevada Bar No. 10410
MURPHY'S LAW, Prof. Corp.
2620 Regetta Drive, Suite 102
Las Vegas, NV 89128
Telephone: (702) 820-5763
cmurphyslawattorney@gmail.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CARRIE HARADA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case Number<br>2:24-cv-00559-GMN-EJY<br><br>**STIPULATION AND ORDER [PROPOSED] TO EXTEND DISCOVERY**<br><br>**(First Request)** |

**STIPULATION AND ORDER [PROPOSED] TO EXTEND DISCOVERY**

Plaintiff Carrie Harada, by and through counsel Kathleen H. Gallagher, Esq. and Corrine P. Murphy, Esq., and Defendant State Farm Mutual Automobile Insurance Company by and through counsel, Ryan L. Dennett, Esq. hereby agree and stipulate to extend the discovery and case management deadlines for an additional one hundred and twenty (120) days.

//

1

## I. BACKGROUND

On or about March 4, 2020, Plaintiff was involved in a motor vehicle collision in Las Vegas, Nevada (hereinafter referred to as the "Subject Incident"). As a result of the Subject Incident, Plaintiff sustained severe bodily injuries. On or about October 5, 2021, Geico tendered its $50,000.00 policy limit on behalf of at-fault driver. Plaintiff had a policy of liability insurance through State Farm Insurance Company, which provided liability limits of $100,000.00 per person and $300,000.00 per occurrence. Plaintiff is seeking damages due to Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Violation of Nevada Unfair Trade Practices Act NRS 686A.310, NAC 686A, et seq. as a result of Defendant's handling of Plaintiff's claim.

## II. INFORMATION REQUIRED BY LOCAL RULE 26-4

The parties provide the following information in accordance with Local Rule 26-4.

### A. Discovery Completed

On June 12, 2024, Plaintiff served her initial disclosures.

On July 9, 2024 Defendant served their initial disclosures.

Plaintiff sent written discovery on July 23, 2024. Plaintiff granted Defendant an extension to respond to written discovery and Defendant ultimately responded on September 16, 2024. The parties are reviewing a proposed confidentiality agreement Defendant is requesting to provide certain documents. While the parties are continuing to work on discovery issues, the parties require additional time to disclose items.

//

### B. Discovery That Remains to Be Completed

Defendant needs to provide a copy of Defendant's responses to interrogatories with counsel's signature and the verification page and additional documents which Defendant seeks to be protected. The parties also intend to serve additional written discovery, designate experts, take depositions of key witnesses, and engage in motion practice if necessary.

### C. Reasons Why the Deadlines Were Not Satisfied

The parties have been working cooperatively in an effort to resolve this matter without the need for accruing unnecessary litigation costs. Plaintiff just received the Defense's answers to her written discovery. Plaintiff and Defendant are attempting to resolve issues regarding that discovery, including the missing verification page and a copy of the interrogatories with counsel's signature on it. Defendant did not produce any documents along with its response to Plaintiff's requests for production. Instead, many of the Defendant's responses referenced a Confidentiality Agreement. Defendant explained in a corresponding letter it needed Confidentiality Agreement signed and ordered by the judge before it produced certain documents. The parties cannot move onto additional discovery until the issues regarding Defendant's discovery responses are resolved. For example, Plaintiff needs the information in the documents which Defendant is requesting a Confidentiality Agreement on before taking depositions. Given the posture of the case, it would be premature to allow any discovery deadlines to pass.

### D. Proposed Schedule for Remaining Deadlines

After conferring as to the needs of the case, the parties propose the following schedule for discovery and the remaining case management deadlines, to include an additional one hundred and twenty (120) days beginning October 4, 2024.

| | | |
|---|---|---|
| 1 | Amend Pleadings and Add Parties deadline | February 3, 2025 |
| 2 | Expert disclosure deadline | March 4, 2025 |
| 3 | Rebuttal expert deadline | April 3, 2025 |
| 4 | Close of discovery | May 2, 2025 |
| 5 | Dispositive motion deadline | June 3, 2025 |
| 6 | Joint Pre-Trial Order | July 3, 2025 |

The parties state their proposed discovery extension request is made in good faith and not sought for delay or any improper purpose, and that the additional time is needed to allow the parties to complete discovery and adequately prepare the case for trial or other resolution.

GALLAGHER LAW

/s/ Kathleen H. Gallagher, Esq.
Kathleen H. Gallagher, Esq.
Nevada Bar Number 15043
1850 E. Sahara Ave., Ste. 107
Las Vegas, Nevada 89104
*Attorney for Plaintiff*

MURPHY'S LAW, Prof. Corp.

/s/ Corrine P. Murphy, Esq.
Corrine P. Murphy, Esq.
Nevada Bar No. 10410
2620 Regetta Drive, Suite 102
Las Vegas, NV 89128
*Attorney for Plaintiff*

DENNETT WINSPEAR, LLP

/s/ Matt Wagner
Ryan L. Dennett, Esq.
Nevada Bar No. 5617
Matt Wagner
Nevada Bar No. 11311
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
*Attorney for Defendant*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: October 4, 2024

4